# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**MARK R. HILLSTROM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1989

[April 30, 2025]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Glenn D. Kelley, Associate Judge; L.T. Case No. 17-000280CF10A.

Mark R. Hillstrom, Marietta, Georgia, pro se.

James Uthmeier, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for appellee.

**ON MOTION FOR REHEARING**

PER CURIAM.

We deny the defendant's motion for rehearing because his Florida Rule of Criminal Procedure 3.850 motion is time-barred, and *Counterman v. Colorado*, 600 U.S. 66 (2023), has not been held to apply retroactively. *See* Fla. R. Crim. P. 3.850(b)(2) ("A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that[] . . . the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity[.]"); *Witt v. State*, 387 So. 2d 922, 931 (Fla. 1980) ("[W]e today hold that an alleged change of law will not be considered in a capital case under Rule 3.850 unless the change: (a) emanates from [the Florida Supreme Court] or the United States Supreme Court, (b) is constitutional in nature, and (c) constitutes a development of fundamental

significance."); *State v. Barnum*, 921 So. 2d 513, 518 (Fla. 2005) (applying *Witt* in a non-capital case).

We do, however, grant the defendant's motion for a written opinion, withdraw our prior disposition, and issue this opinion affirming, accompanied by certification of the following question to our supreme court as one of great public importance:

> Whether the holding of *Counterman v. Colorado*, 600 U.S. 66 (2023)—that the First Amendment requires proof of *mens rea* for a criminal defendant to be constitutionally convicted for committing a true-threat crime—is to be applied retroactively.

*Affirmed; question of great public importance certified.*

WARNER and GERBER, JJ., concur.
ARTAU, J., concurs specially with opinion.

ARTAU, J., concurring specially.

I agree with the majority's certification of the question of great public importance. But I write separately to suggest that the Florida Supreme Court revisit *Witt v. State*, 387 So. 2d 922 (Fla. 1980), and *State v. Barnum*, 921 So. 2d 513 (Fla. 2005).

In both *Witt* and *Barnum*, our supreme court explained "that only major constitutional changes of law[,]" as opposed to "evolutionary refinements in the criminal law[,]" would "be cognizable" as a foundational change in the law entitling a defendant to relief under Florida Rule of Criminal Procedure 3.850. *Witt*, 387 So. 2d at 929; *Barnum*, 921 So. 2d at 518-19 (quoting *Witt*, 387 So. 2d at 929).

But the concept of a "change" to our Constitution without a ratified amendment, or "evolutionary refinements" to our law without a statutory or rule enactment, misconstrues the nature of law and the proper role of the judiciary.

As Blackstone explained, law is "immutable." 1 William Blackstone, *Commentaries* \*40. At common law, courts were "not delegated [the authority] to pronounce a new law, but to maintain and expound the old one." *Id.* at \*69. When such courts deviated from precedent, due to such precedent being either "contrary to reason" or "to the divine law," they did "not pretend to make a new law, but . . . vindicate[d] the old one from misrepresentation." *Id.* at \*69-70. In other words, "if it [was] found that

2

the former decision [was] manifestly absurd or unjust, it [was] declared, not that such a sentence was bad law, but that it was not law[,] . . . as [had] been erroneously determined." *Id.* at *70.

Indeed, the Constitution of the United States is immutable. *See Cohens v. Virginia*, 19 U.S. 264, 387 (1821) ("But a constitution is framed for ages to come, and is designed to approach immortality as nearly as human institutions can approach it."). Courts are not at liberty to change the Constitution when exercising "the province and duty of the Judicial Department to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). Instead, courts may only "expound and interpret" the Constitution without changing it. *Id.*; *see also Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 291 (2022) ("[A court's] sole authority is to exercise 'judgment'—which is to say, the authority to judge what the law means and how it should apply to the case at hand." (quoting The Federalist No. 78, p. 523 (J. Cooke ed. 1961))).

Thus, consistent with these principles, what *Witt* and *Barnum* describe as a "major constitutional change" is more aptly described as a correction to an erroneous interpretation of the Constitution.

And what *Witt* and *Barnum* describe as "evolutionary refinements" are not changes to the fixed meanings of our statutory laws or rules of practice and procedure, but are rather repealments or amendments to the statutory laws or applicable rules. *See* Art. III, § 1, Fla. Const. ("The legislative power of the state shall be vested in a legislature of the State of Florida."); Art. V, § 2(a), Fla. Const. ("The supreme court shall adopt rules for the practice and procedure in all courts[.]"); *see also* 1 William Blackstone, *Commentaries* *70 ("And hence it is that our lawyers are with justice so copious in their encomiums on the reason of the common law, that they tell us, that the law is the perfection of reason, that it always intends to conform thereto, and that what is not reason is not law."). Simply put, the law does not evolve without a statutory or rule change, and courts are not at liberty to make "evolutionary refinements" to the law.

However, because *Witt* and *Barnum* are binding upon us as an inferior court, I concur in the result reached by the majority and join its certification of the question as one of great public importance.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

3